```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                    Richmond Division
```

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:05cr253

BRODERICK F. JONES


**MEMORANDUM OPINION**


On December 5, 2005, following a bench trial, the Court found the Defendant, Broderick F. Jones ("Jones"), guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Court sentenced Jones to 51 months imprisonment on April 20, 2006. At sentencing, Jones objected to the presentence investigation report for failing to calculate a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). For the reasons set forth on the record at sentencing, and further explained below, the objection is overruled.


**STATEMENT OF FACTS**

On October 18, 2005, the Court held a hearing on Jones' motion to suppress evidence for violations of the Fourth Amendment. The Court denied the motion to suppress, ruling from the bench. At the hearing, the Court indicated that it wanted to set a trial date, as the original trial date had been used for the motion to suppress. At that time, Jones' counsel represented that Jones would plead guilty to the charge. The Court directed the parties to call the

Court the next day if no plea agreement was reached, so that a new trial date could be set.

Later that week the parties represented to the Court that a plea agreement had been reached, and the parties were referred to Magistrate Judge Dohnal for the Fed. R. Crim. P. 11 plea colloquy. The parties continued to have plea negotiations from October 18 to December 2 (as stipulated on December 5, 2005), but failed to inform the Court of the impasse in negotiations and the fact that Jones had not in fact pleaded guilty. Jones wanted to enter a conditional plea agreement under Fed. R. Crim. P. 11(a)(2) that would allow him to preserve his right to appeal the Court's denial of his motion to suppress, any adverse rulings at sentencing, and any other appellate issues. The United States offered Jones a plea agreement that would have allowed him to appeal the denial of his motion to suppress, but nothing else. Jones declined that offer.

On December 2, 2005, the Court learned that Jones had not yet pleaded guilty, and that he was considering filing a motion to dismiss the indictment for violations of the speedy trial statute. See 18 U.S.C. § 3161. A conference call was arranged immediately, so that the matter could be set for trial on the following Monday, December 5, 2005. During that conference call, Jones' counsel represented that he would waive his right to a jury trial, and a bench trial was set for the morning of December 5, 2005. Jones

left the Court with the impression that he would not be moving to dismiss the indictment for speedy trial violations.

On the morning of December 5, 2005, Jones did in fact move the Court to dismiss the indictment for speedy trial violations. The Court denied the motion to dismiss after the parties stipulated that plea negotiations had been ongoing since October 18, 2005, a period of delay which the Court attributed to Jones for speedy trial purposes.

The Court then held a bench trial. Jones' counsel stated that Jones was going to trial only to preserve his right to appeal the denials of his motion to suppress and his motion to dismiss. Jones stipulated to the evidence presented by the United States at trial as well as to the evidence received by the Court at the suppression hearing on October 18, 2005. Based on that evidence, the Court found Jones guilty. At sentencing, Jones' counsel stated that Jones went to trial to preserve the right to appeal the denial of the suppression motion, any adverse rulings at sentencing and any other issues that could be appealed.

## DISCUSSION

Under U.S.S.G. § 3E1.1(a), "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," then his offense level should be decreased two levels. "To receive a reduction under § 3E1.1, a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively

accepted 'personal responsibility for his criminal conduct.'" United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995)(quoting United States v. Martinez, 901 F.2d 374, 377 (4th Cir. 1990)). Whether a defendant has accepted responsibility is primarily a question of fact. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992). The Sentencing Commission has directed courts to consider a number of factors in making this factual determination, including whether the defendant has truthfully admitted the conduct comprising the offense of conviction (and truthfully admitted or not falsely denied any additional relevant conduct), voluntary surrender to authorities, voluntary assistance to authorities, and the timeliness of the defendant's manifest of acceptance of responsibility. See U.S.S.G. § 3E1.1, cmt. n.1.

Generally, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Id., cmt. n.2. Nevertheless, conviction after trial "does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." Id. The example offered by the Sentencing Commission is where "a defendant goes to trial to

assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." Id.

Jones argues that, despite the fact that he put the United States to its burden at trial, he should nonetheless receive a two-level reduction under § 3E1.1(a) because he stipulated to all of the evidence. According to Jones, his bench trial on stipulated facts was a constructive guilty plea, and was designed simply to preserve his appellate rights. As such, Jones argues that his is one of those rare situations where a defendant should receive credit for acceptance of responsibility despite proceeding to trial. Jones also argues that he manifested acceptance of responsibility when, following arrest, he informed the arresting officer that the firearm was his and by admitting responsibility to the probation officer in the interview for the pre-sentence report.

**A.   Preservation of Right to Appeal Motion to Suppress**

A split of authority, including an intracircuit split in the Fifth Circuit, has developed with respect to whether a defendant can go to trial to preserve his appellate rights, stipulate to the evidence against him at trial, and then receive credit for acceptance of responsibility. The courts that have addressed this issue have done so in the context of defendants who have sought to preserve the right to appeal the denial of a motion to suppress.

In United States v. Maldonado, 42 F.3d 906, 913 (5th Cir. 1995), the defendant challenged the district court's refusal to grant him an adjustment for acceptance of responsibility, despite the fact that he put the government to its burden of proof at trial. The defendant had sought to enter a conditional guilty plea that would allow him to preserve his right to appeal the district court's denial of his motion to suppress, but the district court rejected the conditional plea. So, the defendant was forced to go to trial to preserve his right of appeal on the Fourth Amendment issue. The defendant contended that he had "'stipulated to everything that could be stipulated' and waived his right to a jury trial," and thus was entitled to acceptance of responsibility under U.S.S.G. § 3E1.1(a).

In addressing whether this defendant fell into the rare exception to the rule that defendants going to trial should not receive credit for acceptance of responsibility, the Fifth Circuit noted that challenges to the constitutionality or applicability of a statute "are much further removed from 'factual guilt' than a challenge to the very evidence establishing factual guilt." Id. n.11. In further explanation thereof the Fifth Circuit observed that

> [t]he dispositive evidence was the very evidence [that the defendant] sought to suppress... The district court determined that this evidence was both necessary and sufficient to support [the defendant's] conviction. As a result, there was nothing

6

> more of consequence for [the defendant] to admit or accept responsibility for. Accordingly, the district court concluded that a challenge to the admissibility of the evidence [was] indistinguishable from a challenge to factual guilt.

Id. at 913-914. The Fifth Circuit found that the district court's rejection of acceptance of responsibility was not without foundation, and thus that it should not be disturbed on appeal. See also United States v. Gonzalez, 70 F.3d 1236, 1239-1240 (11th Cir. 1995); United States v. Tinoco-Fajardo, 131 Fed.Appx. 231, 234 (11th Cir. 2005).

Another Fifth Circuit panel, however, subsequently undermined the seeming authority of the Maldonado decision on substantially similar facts to that presented by this case. In United States v. Washington, 340 F.3d 222, 228 (5th Cir. 2003), the defendant was convicted of being a felon in possession of a firearm, after proceeding to a bench trial to preserve the right to appeal an adverse ruling "on a motion to suppress the evidence that the government proposed to use against him and the evidence that was critical to the offense itself..." Apparently the defendant signed a confession after his arrest and admitted to possession of the firearms, but the district court denied an adjustment for acceptance of responsibility because the defendant sought to "avoid criminal liability for his conduct by putting the government to proof, which he hoped the government would not be able to establish

based upon his contention that the government's proof was unconstitutionally obtained from him." Id.

In rejecting the district court's position, the Fifth Circuit noted that "a motion to suppress is not synonymous with putting 'the government to its burden of proof at trial.' At issue in a suppression hearing is the admissibility of the evidence. The defendant has the burden to demonstrate why the evidence should be excluded. A trial, on the other hand, puts the burden on the government to prove the essential elements of the offense." Id. The Fifth Circuit expressed concern that the district court had "create[d] what [wa]s tantamount to a per se prohibition against acceptance of responsibility for a defendant filing a motion to suppress and continuing to trial." Id.

Additionally, the Fifth Circuit, in Washington, rejected a distinction between the examples stated in the guidelines and a motion to suppress, holding that "[t]he Guidelines create a distinction between a defendant's denial of factual guilt and denial of legal guilt, allowing acceptance of responsibility for the latter. To permit a reduction when a defendant challenges the constitutionality of a statute but deny it when a defendant admits his conduct and only challenges the way the police obtained the evidence is counter-intuitive." Id. at 228-229. The Court of Appeals concluded that

> [t]o affirm the district court [] would chill the filing of suppression motions by defendants who admit their factual guilt. Suppression hearings play a vital role in not only protecting the rights of the particular defendant, but also in protecting society from overzealous law enforcement ignoring proper procedure. In the absence of a conditional plea, the defendant would have to choose between trying to suppress the evidence and receiving credit for acceptance of responsibility. A defendant should not have to make this choice.

Id. at 229. See also United States v. Cantrell, 433 F.3d 1269, 1284 (9th Cir. 2006); United States v. Ochoa-Gaytan, 265 F.3d 837, 842-844 (9th Cir. 2001).

The Fourth Circuit addressed a similar fact pattern in United States v. Muldoon, 931 F.2d 282 (4th Cir. 1991). In Muldoon, the defendant filed a motion to suppress evidence obtained by wiretaps in his prosecution for bribery of public officials, which was denied. At trial, the defendant did not contest the facts underlying the charges against him. The defendant's tactic was to argue that the evidence was insufficient to support a conviction for bribery of a public official, and rather that it was only sufficient to support a conviction for giving an illegal gratuity. The defendant had offered to plead conditionally to the bribery charges, so long as he could preserve his right to appeal the denial of his motion to suppress, but the government would not consent to such a plea.

On cross-appeal, the government challenged the district court's grant of a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The Fourth Circuit found that the defendant fit within the rare exception to the rule that defendants who put the government to its burden of proof should not receive credit for acceptance of responsibility. The Court of Appeals noted that the defendant did not testify at his trial or present evidence, but rather merely contested the sufficiency of the evidence for the bribery charges. Most significant for the Fourth Circuit, however, was the defendant's pretrial offer to plead guilty to the greater bribery offense.[1]

---

[1] It should be noted that the Fourth Circuit's holding in Muldoon would seem to be in conflict with its holding in United States v. Dickerson, 114 F.3d 464, 470 (4th Cir. 1997). In Dickerson, the defendant was charged with perjury on the basis of his lies to a grand jury. At trial, the defendant admitted that he lied to the grand jury, but argued that his lies were not "material." The Fourth Circuit held that "[b]ecause materiality is an essential element of a perjury offense, in asserting his lies were not material, Dickerson challenged his 'factual guilt.' Thus, although he acknowledged lying to the grand jury he never truthfully admitted the conduct comprising the offense(s) of conviction. For this reason, he put the government to its burden of proof at trial by denying an essential factual element of guilt and so is not entitled to an acceptance of responsibility reduction." Id. (omitting internal citations and quotation marks).
  In Muldoon, the defendant argued that the evidence did not establish an essential element of bribery, the accused's knowledge that the recipient of the bribe had been paid to do a specific act in violation of his duties. See Muldoon, 931 F.2d at 287. Based on the Fourth Circuit's reasoning in Dickerson, it would seem that Muldoon contested his factual guilt by arguing that an essential element of the crime had not been established.

The question then is whether a defendant fails to accept responsibility when he continues to challenge the admissibility of the outcome determinative evidence against him on constitutional grounds, even while stipulating to the evidence against him and later admitting the conduct to the Probation Officer.  While the Court recognizes the difficult nature of this question, it is persuaded by the Fifth Circuit's reasoning in <u>Maldonado</u>.  A motion to suppress is not a challenge to legal guilt as <u>Washington</u> suggested, but rather it is a challenge to factual guilt.  Where a defendant challenges the constitutionality of a statute or its applicability in a given case, he is admitting all of the facts necessary to comprise the offense, but challenging the criminality of that conduct.  A motion to suppress does not challenge the criminality of a defendant's conduct.  Rather, it challenges the admissibility of the evidence that proves one or more elements of the defendant's criminal conduct.  A motion to suppress seeks to keep out the evidence of a defendant's factual guilt, and thus is a challenge to factual guilt.[2]  Additionally, it should be noted that the commentary speaks in terms of preserving "issues that do not relate to factual guilt."  Even if a motion to suppress cannot

---

[2] And, presumably, if Jones should prevail on appeal with respect to the denial of his motion to suppress, he almost certainly would challenge his factual guilt and put the United States to its burden of proof at a new trial. Without the evidence from the search, the United States would likely have a difficult time meeting its burden of proof.

11

be equated precisely with a denial of factual guilt, there is no doubt that it relates to factual guilt.

When a defendant pleads guilty following the denial of a motion to suppress, he will no doubt receive credit for acceptance of responsibility in most cases. Here, however, Jones continues to challenge the constitutionality of the search that yielded essential evidence of his guilt and thus continues to challenge his factual guilt. That is not acceptance of responsibility. The fact that Jones also sought to preserve his motion to dismiss for speedy trial violations only further undermines the notion that he has accepted responsibility for his conduct.

It also is appropriate to note that, in cases such as this, where the search was not pursuant to a warrant, the government must present testimony at the hearing on the motion to suppress. In many cases, the testimony at the suppression hearing is the most critical evidence that would be presented later at trial. That certainly is true where, as here, the charge is possession of a firearm by a felon. Thus, the government is not saved much of the burden and expense of trial when the defendant seeks to suppress the most significant evidence of his factual guilt.

Jones argues that, by withholding acceptance of responsibility from those who go to trial to preserve the right to appeal a suppression ruling, the Court is actually requiring a defendant to forego his constitutional rights. It may appear that it is not possible to reconcile the credit for acceptance of responsibility

and the preservation of the right to appeal an adverse suppression ruling.  That, however, is not so because, as is true in making many decisions in the criminal justice system, the defendant simply is put to an election.  Specifically, the defendant must decide whether the chance to prevail on appeal of a suppression ruling is worth the trade-off of the credit for acceptance of responsibility.[3]

Indeed, the necessity of making such a decision will make defendants and their counsel examine seriously the merits of the potential Fourth Amendment challenge.  Those who decide that there is little or no merit to the challenge will find the credit for acceptance of responsibility to be a greater benefit than the pressing of a dubious suppression motion.  There certainly is nothing unfair or unconstitutional about requiring defendants and their counsel to confront the realities of the facts.  Further, the interests of justice will be served because defendants will be less likely to persist in non-meritorious Fourth Amendment challenges.

In any event, Jones' case is quite unlike <u>Washington</u> and <u>Muldoon</u> because Jones desired to do far more than preserve the right to appeal a suppression motion.  He also decided that he wanted the right to appeal the motion to dismiss on speedy trial grounds, any adverse sentencing rulings, and "any other issues," as

---

[3] Defendants make such qualitative judgments, for example, in deciding whether to plead guilty and thereby to forego important constitutional rights.  It certainly is not unfair to require defendants to make the lesser trade-off that is at issue here.

13

his counsel put it at oral argument. Indeed, the United States actually offered to let him retain the right to appeal the suppression ruling. Jones' mindset, in desiring to preserve all rights to appeal, is rather much the antithesis of acceptance of responsibility.

### B. Defendant Failed to Satisfy Burden

In addition to the fact that Jones put the government to its burden of proof and continues to challenge his factual guilt by seeking to appeal the denial of his motion to suppress and his motion to dismiss for speedy trial violations, he has also failed otherwise to demonstrate acceptance of responsibility. Prior to his interview with the Probation Officer, Jones never actually admitted to possessing a firearm. The only indications of acceptance of responsibility were his overtures that he was willing to enter a conditional guilty plea, and then later that he would stipulate to the evidence at trial. However, Jones did not agree to stipulate to the evidence until the morning of trial, which can hardly be deemed timely acceptance. And, in so doing, Jones actually put the government to the burden of preparing for trial and having its witnesses in court ready to testify. That is not acceptance of responsibility.

Additionally, Jones did not voluntarily surrender to authorities, nor did he voluntary assist them. Shortly before sentencing, Jones' counsel apparently inquired of the United States as to what Jones could do in order to demonstrate acceptance of

14

responsibility. The United States advised that the best course would be for Jones to sit down with law enforcement agents to discuss the origins of the stolen firearms found in his possession. At sentencing, Jones' counsel indicated that Jones was willing to do just that, but Jones has yet to actually do so. Additionally, determinations of acceptance of responsibility are generally based on pre-trial statements and conduct.

More importantly, Jones has demonstrated no actual remorse with respect to his possession of a firearm. By all indications, Jones simply wants his two level reduction under U.S.S.G. § 3E1.1(a). Jones has not met his burden of proof with respect to demonstrating acceptance of responsibility.

## CONCLUSION

For the foregoing reasons, the objection to the presentence investigation report on the ground that it does not include a two level reduction for acceptance of responsibility is overruled.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

It is so ORDERED.

/s/
Robert E. Payne
United States District Judge

Richmond, Virginia
Date: May 1, 2006